UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

———————————————————— :
EDWIN RICHARDSON,                    :
                                     :    Civil Action No. 07-3162 (DMC)
            Petitioner,              :
                                     :
      v.                             :    **M E M O R A N D U M**
                                     :
THOMAS SULLIVAN,                     :    **O R D E R**
                                     :
            Respondent.              :
———————————————————— :


      Petitioner  EDWIN  RICHARDSON  (hereinafter  "Petitioner"),
currently confined at Bayside State Prison, Leesburg, New Jersey,
filed a pro se petition seeking a Writ of Habeas Corpus pursuant to
28  U.S.C.  §  2254  (hereinafter  "Petition")  and  submitted  due
application to proceed in forma pauperis.

      This   Court,   however,   prior   to   examining   Petitioner's
application  on  the  merits,  shall  determine  whether  Petitioner
properly  exhausted  state  court  remedies  with  respect  to  these
challenges,  as  well  as  whether  Petitioner's  challenges  are  time-
barred.  See Long v. Wilson, 393 F.3d 390, 402-03 (3d Cir. 2004)
(stating  that  a  court  may  examine  an  application  for  a  writ  of
habeas  corpus  sua  sponte  and  citing  Hill v. Braxton, 277 F.3d 701,
706 (4th Cir. 2002); Herbst v. Cook, 260 F.3d 1039, 1042 & n.3 (9th
Cir.  2001);  Acosta v. Artuz, 221 F.3d 117, 123 (2d Cir. 2000);
Kiser v. Johnson, 163 F.3d 326, 328-29 (5th Cir. 1999)).

1.    Upon entering plea of nolo contendere, Petitioner was convicted for murder and sentenced to a life sentence by the Superior Court of New Jersey, Law Division, on July 13, 1976. See Pet. §§ 1-5.

2.    After Petitioner appealed either his conviction or his sentence to the Superior Court of New Jersey, Appellate Division, the Appellate Division affirmed his conviction and sentence, and the Supreme Court of New Jersey denied him certification on September 19, 1978. See State v. Richardson, 78 N.J. 329 (1978).

3.    On a date unclear from the face of the Petition, Petitioner filed an application with the Superior Court of New Jersey, Law Division, requesting re-sentencing pursuant to N.J.S.A. 2C:1-1d(2), which was denied by the Superior Court on December 6, 2005. See Docket Entry No. 1-4, at 4.

4.    Following Petitioner's appeal of such denial, the Superior Court of New Jersey, Appellate Division, denied Petitioner's appeal on November 13, 2006, see id. at 3, and the Supreme Court of New Jersey denied Petitioner certification on June 15, 2007. See id. at 2.

5.    On July 9, 2007, Petitioner filed his instant Petition with this Court asserting the following four grounds:

      (a)   [Petitioner is] being held unlawfully in custody on an illegal sentence [because Petitioner's] sentence [was] in

2

excess and in violation of maximum punishment allowed under the law;

(b)   [Petitioner was subject to] an illegal plea bargain;

(c)   [P]etitioner is eligible to be re-sentenced under [N.J.S.A. 2C:1-1d(2)]; and

(d)   [Petitioner was denied his rights under the] Equal Protection [Clause because] the difference in . . . [P]etitioner's sentence in ratio to proportion of that of his co-defendant's is incredible, unjustifiable, and unexplained.

Pet. § 12.

6.   The foregoing suggests that Petitioner sets forth two distinct challenges, one with respect to his term of imprisonment imposed on July 13, 1976, and another with respect to the Resentencing Panel's decision to deny Petitioner's request for re-sentencing, affirmed by the Supreme Court of New Jersey on June 15, 2007, through denial of certification to Petitioner.

7.   A state prisoner applying for a writ of habeas corpus in federal court must first "exhaust[] the remedies available in the courts of the State," unless "there is an absence of available State corrective process[] or . . . circumstances exist that render such process ineffective. . . ." 28 U.S.C. § 2254(b)(1); Rose v. Lundy, 455 U.S. 509, 515 (1982); Toulson v. Beyer, 987 F.2d 984, 987 (3d Cir. 1993); Duarte v.

3

Hershberger, 947 F. Supp. 146 (D.N.J. 1996); see also Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997), cert. denied, 532 U.S. 919 (2001) (finding that "Supreme Court precedent and the AEDPA mandate that prior to determining the merits of [a] petition, [a court] must consider whether [petitioner] is required to present [his or her] unexhausted claims to the [state's] courts"). The courts of a state must be afforded an "opportunity to pass upon and correct alleged violations of its prisoners' federal rights." Wilwording v. Swenson, 404 U.S. 249, 250 (1971); Picard v. Connor, 404 U.S. 270, 275 (1971); Evans v. Court of Common Pleas, Del. Cty., Pa., 959 F.2d 1227, 1230 (3d Cir. 1992), cert. dismissed, 506 U.S. 1089 (1993). Exhaustion is not a jurisdictional requirement; rather, it is designed to allow state courts the first opportunity to pass upon federal constitutional claims, in furtherance of the policies of comity and federalism. See Granberry v. Greer, 481 U.S. 129 (1987); Rose, 455 U.S. at 516-18; Evans, 959 F.2d at 1230; O'Halloran v. Ryan, 835 F.2d 506, 509 (3d Cir. 1987). Exhaustion also has the practical effect of permitting development of a complete factual record in state court, to aid the federal courts in their review. See Rose, 455 U.S. at 519; Castille v. Peoples, 489 U.S. 346, 349 (1989). A petitioner must exhaust state remedies by presenting his federal constitutional claims to each level of

4

the state courts empowered to hear those claims, either on direct appeal or in post-conviction proceedings. See Ross v. Petsock, 868 F.2d 639 (3d Cir. 1989); see also O'Sullivan v. Boerckel, 526 U.S. 838 (1999)("requiring state prisoners [in order to fully exhaust their claims] to file petitions for discretionary review when that review is part of the ordinary appellate review procedure in the State"); 28 U.S.C. § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented"). Once a petitioner's federal claims have been fairly presented to the state's highest court, the exhaustion requirement is satisfied. See Picard, 404 U.S. at 275; Castille, 489 U.S. at 350. The petitioner generally bears the burden to prove all facts establishing exhaustion. See Toulson, 987 F.2d at 987. This means that the claims heard by the state courts must be the "substantial equivalent" of the claims asserted in the federal habeas petition. See Picard, 404 U.S. at 275. Reliance on the same constitutional provision is not sufficient; the legal theory and factual predicate must also be the same. See id. at 277. Where any available procedure remains for the applicant to raise the question presented in the courts of the state, the applicant

5

has not exhausted the available remedies.   See 28 U.S.C. § 2254(c).

8.   On April 24, 1996, Congress enacted the Anti-Terrorism and Effective Death Penalty Act (hereinafter "AEDPA"), which provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1).

(a)   A state-court criminal judgment becomes "final" within the meaning of §2244(d)(1) by the conclusion of direct review or by the expiration of time for seeking such review, including the 90-day period for filing a petition for writ of certiorari in the United States Supreme Court.  See Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000); Morris v. Horn, 187 F.3d 333, 337 n.1 (3d Cir. 1999); U.S. Sup. Ct. R. 13.   "If a defendant does not pursue a timely direct appeal to the court of appeals, his or her conviction and sentence become final, and the statute of limitation begins to run, on the date on which the time for filing such an appeal expired." Kapral v. United States, 166 F.3d 565, 577 (3d Cir. 1999). Therefore, for the purposes of Petitioner's challenges with respect to his term of imprisonment imposed on July

13, 1976, Petitioner's conviction became final 90 days after September 19, 1978, that is, on December 18, 1978.

(b)  For the purposes of Petitioner's challenges with respect to the Resentencing Panel's decision to deny Petitioner's request for re-sentencing, that decision becomes final 90 days after June 15, 2007, that is, on September 14, 2007.

9.  The statute of limitations under § 2244(d) is subject to tolling exception(s), that is, statutory tolling and, perhaps, equitable tolling.[1] See Merritt v. Blaine, 326 F.3d 157, 161 (3d Cir. 2003); Miller v. N.J. State Dep't of Corr., 145 F.3d 616, 617-18 (3d Cir. 1998).  Section 2244(d)(2) requires statutory tolling for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2) (emphasis supplied).

10.  For the purposes of Petitioner's challenges with respect to his term of imprisonment imposed on July 13, 1976, Petitioner's statute of limitations expired on April 23,

---

[1]

Pace v. DiGuglielmo, 125 S. Ct. 1807, 1814, n.8 (2005) ("We have never squarely addressed the question whether equitable tolling is applicable to AEDPA's statute of limitations").

1997.[2] Petitioner's 1-year period of limitation was not statutorily tolled by his application for re-sentencing, since (a) Petitioner's application for re-sentencing did not challenge constitutionality of his term of imprisonment imposed on July 13, 1976, but raised an entirely different challenge, see Lawrence v. Florida, 127 S. Ct. 1079, 1086-89 (2007) (explaining that only an "application for State post-conviction or other collateral review within the meaning of 28 U.S.C. § 2244(d)(2)" triggers statutory tolling), and (b) in any event, Petitioner's filing of any application after Petitioner's period of limitations had already run could not trigger statutory tolling with respect to his term of imprisonment imposed on July 13, 1976.  See Long v. Wilson, 393 F.3d 390, 394-95 (3d Cir. 2004); Schlueter v. Varner, 384 F.3d 69, 78-79 (3d Cir. 2004).

11. Presuming that the AEDPA statute of limitations is subject to equitable tolling, see Miller v. N.J. State Dep't of Corr., 145 F.3d 616, 618 (3d Cir. 1998), "a litigant seeking

---

[2]

    Although the AEDPA provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1), Petitioner's one-year limitations period began on April 24, 1996 because his conviction became final prior to April 24, 1996, the effective date of the AEDPA See Merritt v. Blaine, 326 F.3d 157, 161 (3d Cir. 2003); Nara v. Frank, 264 F.3d 310, 315 (3d Cir. 2001); Burns v. Morton, 134 F.3d 109, 111 (3d Cir. 1998).  Absent statutory or equitable tolling, the limitations period expired on April 23, 1997.  See id.

equitable tolling [would] bear[] the burden of establishing
two elements: (1) that he has been pursuing his rights
diligently, and (2) that some extraordinary circumstance stood
in his way." Pace v. DiGuglielmo, 125 S.Ct. 1807, 1814
(2005). The Third Circuit instructs that equitable tolling
could be appropriate only when "the principles of equity would
make the rigid application of a limitation period unfair, such
as when a state prisoner faces extraordinary circumstances
that prevent him from filing a timely habeas petition and the
prisoner has exercised reasonable diligence in attempting to
investigate and bring his claims." LaCava v. Kyler, 398 F.3d
271, 275-276 (3d Cir. 2005). Mere excusable neglect is not
sufficient.[3] See id.; see also Merritt v. Blaine, 326 F.3d
157, 168 (3d Cir. 2003); Jones v. Morton, 195 F.3d 153, 159
(3d Cir. 1999). Extraordinary circumstances have been found
where (1) the defendant has actively misled the plaintiff, (2)
the plaintiff has in some extraordinary way been prevented
from asserting his rights, (3) the plaintiff has timely
asserted his rights mistakenly in the wrong forum, see Jones,
195 F.3d at 159, or (4) the court itself has misled a party

---

[3]
    A claim of "ineffective assistance of counsel" does not
provide a basis for equitable tolling. See Pace, 125 S. Ct. at
1814, n.9 (dismissing the "ineffective assistance of counsel"
excuse offered by the petitioner who asserted "that he received
ineffective  assistance  of  counsel  at  'all  levels  of
representation'" ).

9

regarding the steps that the party needs to take to preserve a claim. See Brinson v. Vaughn, 398 F.3d 225, 230 (3d Cir. 2005). Moreover, even where extraordinary circumstances do exist, "[i]f the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." Brown v. Shannon, 322 F.3d 768, 773 (3d Cir. 2003) (quoting Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000)). Since Petitioner's Petition, as it stands now, is silent as to any circumstances that might prompt this Court to consider equitable tolling, Petitioner's Petition supplies this Court with no reason for equitable tolling cognizable under the 28 U.S.C. § 2244(d)(2) for the purposes of Petitioner's challenges with respect to his term of imprisonment imposed on July 13, 1976.

12.   Therefore, as it stands now, Petitioner's Petition appears to be untimely for the purposes of Petitioner's challenges with respect to his term of imprisonment imposed on July 13, 1976.

13.   Moreover, as it stands now, Petitioner's Petition leaves this Court guessing whether Petitioner's challenges with respect to his term of imprisonment imposed on July 13, 1976, as they are set forth in Petitioner's current grounds (a), (b) and (d),

see Pet., accord supra ¶5, were duly exhausted during Petitioner's direct appellate process in the state courts.

14. By contrast, Petitioner's challenge with respect to the Resentencing Panel's decision to deny Petitioner's request for re-sentencing, as set forth in his ground (c), see Pet., accord supra ¶5, appears to be both timely and duly exhausted in the state courts.

15. This Court, however, cannot "split" the Petition into two distinct matters to be entertained through the means of the same action. The Court, therefore, will assess Petitioner's timely and duly exhausted challenge with respect to the Resentencing Panel's decision to deny Petitioner's request for re-sentencing in this matter and will direct the Clerk of the Court to institute a separate and new matter for the purposes of entertaining Petitioner's challenge with respect to his term of imprisonment imposed on July 13, 1976.[4]

16. Petitioner's challenge with respect to the Resentencing Panel's decision to deny Petitioner's request for re-sentencing does not merit habeas relief. Section 2254(a) of

---

[4]
Qualitatively, Petitioner's Petition resembles an application which simultaneously challenges both an inmate's conviction and denial of parole to that inmate a decade after the conviction. Moreover, such conflation of the inmate's challenges to two distinct determinations into one § 2254 application could unduly subrogate the firm limitations requirement set forth in the AEDPA, since such conflation would allow the inmate to litigate time barred claims merely by packaging them together with claims pertaining to a recent judgement.

Title 28 of the United States Code gives the court jurisdiction to entertain a habeas petition challenging a state conviction or sentence only where the inmate's custody violates federal law:

> [A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a).

"In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); 28 U.S.C. § 2254(a); accord Barry v. Bergen County Probation Dept., 128 F.3d 152, 159 (3d Cir. 1997). "Federal courts hold no supervisory authority over state judicial proceedings and may intervene only to correct wrongs of constitutional dimension." Smith v. Phillips, 455 U.S. 209, 221 (1982). "If a state prisoner alleges no deprivation of a federal right, § 2254 is simply inapplicable. It is unnecessary in such a situation to inquire whether the prisoner preserved his claim before the state courts." Engle v. Isaac, 456 U.S. 107, 120 n.19 (1982). Moreover, "it is well established that a state court's misapplication of its own law does not generally raise a constitutional claim."

12

Smith v. Horn, 120 F.3d 400, 414 (3d Cir. 1997) (citation omitted); see also Smith v. Zimmerman, 768 F.2d 69, 71, 73 (3d Cir. 1985).

17. Petitioner's challenge with respect to the Resentencing Panel's decision to deny Petitioner's request for re-sentencing does not assert a violation of federal law. See Pet. ¶ 12(c). In no ambiguous terms, Petitioner asserts that he disagrees with the Resentencing Panel's application of state law N.J.S.A. 2C:1-1d(2). See id. However, Petitioner's claims based on state law are not cognizable under § 2254. Engle, 456 U.S. at 120 n.19. Moreover, it would be futile to allow Petitioner to amend his challenge with respect to the Resentencing Panel's decision to deny Petitioner's request for re-sentencing by injecting constitutional language since "errors of state law cannot be repackaged as federal errors." Johnson v. Rosemeyer, 117 F.3d 104, 110 (3d Cir. 1997); Hochman v. New Jersey Supreme Court, 1990 U.S. Dist. LEXIS 11328 (D.N.J. Aug. 27, 1990). As the court in Hochman explained,

> this Court may not review a final determination of the New Jersey Supreme Court. Review of such decisions . . . can only be obtained from the United States Supreme Court pursuant to a writ of certiorari. See 28 U.S.C. § 1257(3). . . . A United States District Court may not entertain an appeal from judgments of the highest court of a state. See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 486 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 416 (1923).

13

[Moreover, such petition] presents no case or controversy capable of judicial decision. . . . Reduced to its essence, [such application] expresses only [petitioner's] disagreement with the New Jersey Supreme Court's interpretation of a New Jersey statute. [therefore, Petitioner] has failed to assert a controversy requiring this Court's decision. He merely asks the Court to reinterpret a state statute that has already been interpreted by the state's highest court. This the Court cannot do. Federal courts must accept interpretations of state law made by a state's highest court. [See] Hortonville Joint School Dist. No.1 v. Hortonville Educ. Ass'n, 426 U.S. 482, 488 (1976); Groppi v. Wisconsin, 400 U.S. 505, 507 (1971). No right exists under the [federal law] to a correct determination of state law. [See] Jones v. Superintendent of Rahway State Prison, 725 F. 2d 40, 43 (3d Cir. 1984).

Hochman, 1990 U.S. Dist. LEXIS 11328, at *7-10. Therefore, Petitioner's challenge with respect to the Resentencing Panel's decision to deny Petitioner's request for re-sentencing will be dismissed.

**THEREFORE IT IS** on this _10_ day of _Sept_, 2007,

**ORDERED** that the instant Petition is construed as two different applications by Petitioner, one raising Petitioner's challenge with respect to the Resentencing Panel's decision to deny Petitioner's request for re-sentencing and another raising Petitioner's challenges with respect to constitutionality of his term of imprisonment imposed on July 13, 1976; and it is further

**ORDERED** that Petitioner's challenge with respect to the Resentencing Panel's decision to deny Petitioner's request for re-sentencing is denied for failure to allege a violation of

14

Petitioner's federal rights warranting habeas relief; and it is further

**ORDERED** that the Court denies Petitioner a certificate of appealability with respect to Petitioner's challenge to the Resentencing Panel's decision to deny Petitioner's request for re-sentencing because Petitioner has not made "a substantial showing of the denial of a constitutional right" under 28 U.S.C. § 2253(c)(2), see Miller-El v. Cockrell, 537 U.S. 322 (2003); and it is further

**ORDERED** that the Clerk shall close the file on this matter; and it is further

**ORDERED** that the Clerk of the Court shall open a new and separate § 2254 matter for the purposes of entertaining Petitioner's challenges with respect to his term of imprisonment imposed on July 13, 1976, and assign this new and separate matter to the undersigned; and it is further

**ORDERED** that the Clerk of the Court shall file Petitioner's Petition and the instant Order in this new and separate matter; and it is further

**ORDERED** Petitioner is granted in forma pauperis status for the purposes of this new and separate matter on the basis of Petitioner's application to proceed in forma pauperis filed in the instant matter; and it is further

15

**ORDERED** that, for the purposes of entertaining Petitioner's challenges with respect to his term of imprisonment imposed on July 13, 1976, Petitioner shall show cause, in writing filed with the Clerk of this Court in this new and separate matter, as to why his Petition should not be dismissed for failure to meet the statute of limitations requirements set forth in 28 U.S.C. § 2244(d)(1) or for failure to exhaust state remedies by stating by stating

    (A)    Petitioner's grounds, if any, for statutory or equitable tolling, as well as

    (B)    all Petitioner's grounds raised at every level of the state courts during Petitioner's direct appeal with respect to his term of imprisonment imposed on July 13, 1976 (or, in the event Petitioner has no recollection or no documentation allowing Petitioner to list every ground raised by Petitioner at every state court during Petitioner's direct appeal with respect to his term of imprisonment imposed on July 13, 1976, by stating expressly that Petitioner has no such recollection or documentation); and it is further

**ORDERED** that Petitioner shall show cause within 45 days of the date of entry of this Order; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Order upon Petitioner by regular mail, specifying to Petitioner the

16

index number of the new and separate matter in which Petitioner shall show cause; and it is finally

**ORDERED** that, if Petitioner does not submit such written response to the Clerk of this Court within the time period set forth in this Order, the Court will dismiss the new and separate matter for Petitioner's failure to comply with the statutory limitation period, pursuant to 28 U.S.C. § 2254, without further notice to Petitioner.

DENNIS M. CAVANAUGH
United States District Judge